```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
VINCENT EMILIO, individually and on behalf of                :
all others similarly situated,                               :
                                  Plaintiff,                 :     11-CV-3041 (JPO)
                                                             :
              -v-                                            :     OPINION AND ORDER
                                                             :
SPRINT SPECTRUM L.P., d/b/a SPRINT PCS,                      :
                                  Defendant.                 :
-------------------------------------------------------------X
```

J. PAUL OETKEN, District Judge:

Plaintiff Vincent Emilio ("Emilio") brings this putative class action against Defendant Sprint Spectrum L.P., d/b/a Sprint PCS ("Sprint"), asserting a violation of the Kansas Unfair Trade and Consumer Protection Act ("KCPA"), Kan. Stat. Ann. § 50-623 *et seq.* In February 2014, this Court granted Emilio's motion to confirm the award, and Emilio filed a class action complaint, which Sprint moved to dismiss. The Court denied Sprint's motion. Emilio now moves to file an amended complaint. For the reasons that follow, Emilio's motion is granted.

I.  Background

Familiarity with the complex history of this case is presumed.[1] For purposes of this motion, the following summary of the proceedings will suffice. Emilio is a New York resident and customer of Sprint wireless telephone service. The customer agreement between Emilio and Sprint contains an arbitration agreement. Emilio filed a demand for class arbitration in January 2005, asserting that Sprint's practice of charging customers a monthly fee to satisfy the New York State excise tax was unlawful. Protracted arbitration proceedings followed, including a

---

[1] A full discussion of the case's procedural history can be found in the Court's previous opinion on Sprint's motion to dismiss the complaint. *See Emilio v. Sprint Spectrum L.P.*, 68 F. Supp. 3d 509, 511-14 (S.D.N.Y. 2014).

decision in this Court (by then-Judge Barbara S. Jones) compelling Sprint to continue to arbitrate, which was affirmed on appeal by the Second Circuit. *See Emilio v. Sprint Spectrum L.P.*, No. 08 Civ. 7147 (BSJ), 2008 WL 4865050 (S.D.N.Y. Nov. 6, 2008), *modified in part*, 2008 WL 4865182 (S.D.N.Y. Nov. 6, 2008), *aff'd*, 315 F. App'x 322 (2d Cir. 2009) (summary order).

In December 2010, the arbitrator issued a decision concerning whether the customer agreement required a bilateral arbitration or, instead, permitted Emilio's claims to proceed on a class-wide basis. (*See* Dkt. No. 1 ("Petition") Ex. C.) The arbitrator interpreted the contract in conjunction with Kansas state law and then-prevailing Supreme Court and Second Circuit decisions concerning arbitration, and concluded "that Sprint cannot be compelled to proceed with a class-wide arbitration, but also that [Emilio] cannot be compelled to proceed with a bilateral arbitration, and must be given the opportunity to pursue his class claims in a court action." (*Id.* at 7.) This holding was reduced to a partial final award (the "Award") on March 10, 2011. (Petition Ex. D.)

In May 2011, Emilio filed a petition in this Court to confirm the Award, and Sprint cross-moved to vacate the Award in part. After another decision by Judge Jones and a second trip to the Second Circuit, *see Emilio v. Sprint Spectrum L.P.*, No. 11 Civ. 3041 (BSJ), 2012 WL 917535 (S.D.N.Y. Mar. 16, 2012), *aff'd in part, vacated in part*, 508 F. App'x 3 (2d Cir. 2013) (summary order), the parties again filed cross-motions concerning the confirmation of the Award.[2] On February 11, 2014, the Court granted Emilio's request to confirm the Award, denied Sprint's cross-motion to vacate, and granted Emilio leave to file a class action complaint.

---

[2] In the interim, this case was reassigned from Judge Jones to the undersigned on April 1, 2013. (Dkt. No. 25.)

2

*Emilio v. Sprint Spectrum L.P.*, No. 11 Civ. 3041 (JPO), 2014 WL 902564 (S.D.N.Y. Feb. 11, 2014).[3]

Emilio filed a putative class action complaint on February 25, 2014, asserting a cause of action under the KCPA. (Dkt. No. 48.) On March 28, 2014, Sprint moved to dismiss the complaint or strike its class action allegations. (Dkt. No. 56.) The Court denied the motion on December 23, 2014. (Dkt. No. 77.) Sprint then answered the complaint. (Dkt. No. 79.) On January 22, 2015, Sprint filed an interlocutory appeal of the denial of the motion to dismiss, and on March 6, 2015, Sprint moved to stay the action pending the appeal. (Dkt. Nos. 84, 96.) On April 21, 2015, the Second Circuit dismissed Sprint's interlocutory appeal for lack of appellate jurisdiction. Motion Order, No. 15-178, Dkt. No. 51 (2d Cir. Apr. 21, 2015). Sprint accordingly withdrew its motion to stay proceedings in this Court. (Dkt. No. 120.)

On February 17, 2015, Emilio filed this motion to amend the complaint. (Dkt. No. 90.)

**II.   Legal Standard**

Under the Federal Rules of Civil Procedure, courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "A district court has broad discretion in determining whether to grant leave to amend . . . ." *Gurary v. Winehouse*, 235 F.3d 792, 801 (2d Cir. 2000). Leave to amend "should not be denied unless there is evidence of undue delay, bad faith, undue prejudice to the non-movant, or futility." *Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "Mere delay , . . . absent a showing of bad faith or undue prejudice, does not provide a basis for the district court to

---

[3] The confirmation of the Award was affirmed on appeal to the Second Circuit, and the U.S. Supreme Court denied certiorari. *Emilio v. Sprint Spectrum L.P.*, 582 F. App'x 63 (2d Cir. 2014) (summary order), *cert. denied*, 135 S. Ct. 1569 (2015).

deny the right to amend." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

**III. Discussion**

Sprint puts forth several grounds on which it asserts that Emilio's proposed amended complaint ("PAC") is barred. Several of Sprint's arguments rest on the premise that the PAC adds a new claim against Sprint. The Court concludes that it does not. Rather, the PAC bolsters a preexisting legal theory underlying Emilio's claim that Sprint engaged in deceptive practices prohibited by the KCPA.

Emilio's earlier complaint asserted that the relevant disclosures misled Sprint consumers by causing them to believe that the excise taxes were imposed directly on customers by the state, while "in fact it was a tax imposed by New York solely on Sprint," which Sprint passed on to consumers to recoup "overhead costs." (Dkt. No. 48 ("Compl.") ¶ 2.) Emilio previously alleged that "Sprint failed to clearly and conspicuously disclose" its practice concerning the excise taxes, despite a 2004 agreement with state attorneys general on this point, identified in the complaint as the Assurance of Voluntary Compliance ("AVC"). (*Id.* ¶¶ 5, 21.) The original complaint also relied upon a report of the FCC (referred to as the *TIB Second Report*) concerning line item charges on telecom bills. (*Id.* ¶¶ 19-20.) On the basis of these allegations, Emilio claimed that Sprint's practices were "misleading, deceptive and unconscionable in violation of the KCPA." (*Id.* ¶ 38; *see also id.* ¶¶ 29-31 (citing Kan. Stat. Ann. §§ 50-626, 627).) Emilio also claimed that Sprint engaged in a practice that "was prohibited specifically by the terms of a consent judgment." (*Id.* ¶ 35 (citing Kan. Stat. Ann. § 50-634(d)(3).)

The PAC amplifies Emilio's pleadings on the question of whether Sprint's statement regarding the excise tax was *conspicuously* disclosed—that is, "disclosed in such size, color,

contrast, [and] location . . . that it is readily noticeable, readable, and understandable." (Dkt. No. 90, Ex. 1 ("PAC") ¶ 21.) The PAC adds an explicit reference to the definition of "clear and conspicuous" from the 2004 AVC—but, as noted, the AVC was relied upon in the original complaint. (*See* Compl. ¶¶ 4-5, 21.) Emilio also proposes to add a paragraph stating that the disclosures were made "in extremely small, difficult-to-read print in the middle o[f] the back of the first page of the bill—where no one was likely to see or read them . . . ." (PAC ¶ 31.) The PAC's additional language concerning conspicuousness simply fleshes out Emilio's claim that Sprint's excise tax disclosures were not clearly and conspicuously disclosed; thus, Emilio asserts, Sprint engaged in misleading and deceptive practices, and also may have violated a consent judgment, all pursuant to the existing KCPA claim.

For the reasons that follow, the Court concludes that the amendment is not futile and that the filing of the PAC would not unduly prejudice Sprint.

### A. Futility

"An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Federal Rule of Civil Procedure] 12(b)(6)." *Lucente v. IBM Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). An amendment may also be futile if "the claims the plaintiff sought to add would be barred by the applicable statute of limitations." *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000).

First, Sprint claims that the PAC's "proposed new claims" are barred under the KCPA's three-year statute of limitations. (Dkt. No. 97 ("Sprint Br.") at 9.) Under Rule 15(c), an amended pleading will relate back to the date of the original pleading when the amendment "asserts a claim . . . that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading." Fed. R. Civ. P. 15(c)(1)(B). The "central inquiry" under Rule 15 "is whether

adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading." *Slayton v. Am. Express Co.*, 460 F.3d 215, 228 (2d Cir. 2006) (quoting *Stevelman v. Alias Res. Inc.*, 174 F.3d 79, 86 (2d Cir. 1999)); *see also Monahan v. N.Y.C. Dep't of Corr.*, 214 F.3d 275, 283 (2d Cir. 2000) ("[P]leadings . . . serve the limited role of providing the opposing party with notice of the claim or defense to be litigated."). "Provided the amended pleading is based on the same series of transactions and occurrences alleged in the original pleading, the revised pleading will relate back to the original pleading, even where the revised pleading contains legal theories not included in the original." *White v. White Rose Food*, 128 F.3d 110, 116 (2d Cir. 1997).

For the reasons set out above, there is little question here that the amended pleading is based on the same occurrences alleged in the original complaint. The PAC asserts that Sprint did not clearly and conspicuously disclose to consumers its practices concerning the line item billing for New York excise taxes. These are the same disclosures that were at issue in the initial complaint. The PAC augments the claim that the excise tax was not conspicuously disclosed, building upon Emilio's preexisting KCPA claim that Sprint engaged in deceptive practices— practices that also may have been prohibited by a consent judgment.[4] "Where the amended complaint does not allege a new claim but renders prior allegations more definite and precise, relation back occurs." *Slayton*, 460 F.3d at 228; *see also Stevelman*, 174 F.3d at 87 ("Where no new cause of action is alleged, as here, this Court liberally grants relation back under Rule 15(c)."). And even if Emilio's elaboration on conspicuousness or other proposed additions formed a new legal theory, the PAC would still relate back because its allegations arise from the

---

[4] Nor do the PAC's addition of details regarding the AVC and the *TIB Second Report*—which were cited and relied upon in the initial complaint—add a new claim.

same conduct and set of occurrences set out in the original complaint. *See White*, 128 F.3d at 116. Accordingly, the PAC is not time barred.

Second, Sprint argues that because the PAC asserts "substantively different" claims, they are not subject to the arbitrator's ruling permitting Emilio to pursue his KCPA claim in a court action. Thus, Sprint says, the new proposed claims "must be subject to bilateral arbitration." (Sprint Br. at 16.) But for the reasons set out above, the PAC does not assert new claims. Rather, it enhances an existing KCPA claim rooted in the same underlying facts—Sprint's allegedly deceptive or unconscionable practices concerning New York excise taxes. Thus, the additional material in the PAC does not consist of "new claims" that must be submitted to a renewed arbitration.

### B. Punitive Damages

The PAC also contains a request for an award of punitive damages arising from Sprint's "knowing and willful failure" to comply with the terms of a consent judgment. (PAC, Prayer for Relief at D.) Sprint protests, *inter alia*, that the proposed request is futile because the KCPA does not permit the award of punitive damages. The Court disagrees.

The KCPA section on remedies states that a consumer "who suffers loss as a result of a violation of this act may bring a class action for the damages caused by" a deceptive act or practice. Kan. Stat. Ann. § 50-634(d).[5] In *Equitable Life Leasing Corp. v. Abbick*, the Kansas Supreme Court stated that "the KCPA has no language which precludes an award of punitive damages in an appropriate case." 757 P.2d 304, 307 (Kan. 1988). The court cited one of its previous opinions in which it upheld a punitive damages award under the Kansas Residential Landlord and Tenant Act. The court reasoned that because the landlord act did not *preclude*

---

[5] The arbitrator has already determined that § 50-634(d) is applicable to this case. (*See* Award at 4.)

punitive damages, they were permitted "in an appropriate case." *Id.* (citing *Geiger v. Wallace*, 664 P.2d 846, 851 (Kan. 1983)). Furthermore, another section of the KCPA "specifically provides that nothing in the KCPA limits any other remedies provided by law." *Id.* (citing Kan. Stat. Ann. § 50-646). Thus, it appears that Kansas law would permit punitive damages under the KCPA in an appropriate case.[6]

### C. Prejudice to Sprint

In determining whether a requested amendment would cause prejudice to the nonmovant, a court must consider "whether an amendment would 'require the opponent to expend significant additional resources to conduct discovery and prepare for trial' or 'significantly delay the resolution of the dispute.'" *Ruotolo*, 514 F.3d at 192 (quoting *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993)); *see also Fluor Corp.*, 654 F.2d at 856 (ruling that an amendment was unlikely to be prejudicial because it "w[ould] not involve a great deal of additional discovery").

The Court cannot conclude that Sprint would be prejudiced by the additional preparations it would be required to undertake in responding to the PAC. At the direction of Magistrate Judge Fox, to whom this case has been referred for general pretrial supervision, fact discovery in this case is set to continue for several more months, and expert discovery is not due until February 2016. (*See* Dkt. No. 136 ("Scheduling Order") ¶¶ 6-7.) No trial date has been set.

---

[6] The *Equitable Life* court's suggestion that punitive damages were permissible under the KCPA was apparently *dicta*: in that case, the court faced only the question whether an award of KCPA civil damages could coexist with a punitive damages award stemming from related fraud claim, "an independent tort with different elements from those which constituted a violation of the KCPA." 757 P.2d at 307. However, a federal court sitting in diversity must "construe and apply state law as [it] believe[s] the state's highest court would," *City of Johnstown v. Bankers Standard Ins. Co.*, 877 F.2d 1146, 1153 (2d Cir. 1989), and the *Equitable Life* court's statements provide a strong indication on this point.

Sprint has not indicated that it will need to conduct a significant amount of additional discovery to respond to the PAC. The additional matter in the proposed pleadings appears to refer to the same Sprint consumer disclosures and other discovery similar to what was already at issue since the initial complaint. Finally, Sprint may request an extension of discovery deadlines, or the reconsideration of prior discovery-related orders, if the filing of the PAC necessitates it.[7]

## IV. Conclusion

For the foregoing reasons, it is hereby ordered that Emilio's motion for leave to amend is GRANTED. Emilio shall file the amended complaint on the docket on or before September 8, 2015.

The Clerk of the Court is directed to close the motion at docket number 90.

SO ORDERED.

Dated: August 27, 2015
      New York, New York

_____
                        J. PAUL OETKEN
                    United States District Judge

---

[7] In particular, Sprint suggests that the proposed amendment may lead it to request to depose Emilio again. (Sprint Br. at 9 & n.1.) Sprint may raise this question before Judge Fox or the Court at the appropriate time.